No. 26-1598

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals, | ) Appeal from the United States District ) Court for the Southern District of ) Illinois ) ) |
| Plaintiffs-Appellees, | ) ) No. 3:18-cv-00156-NJR |
| v. | ) ) |
| LAMENTA CONWAY, MELVIN HINTON, and LATOYA HUGHES, | ) ) The Honorable ) NANCY J. ROSENSTENGEL, |
| Defendants-Appellants. | ) Chief Judge Presiding. |

## DEFENDANTS' PROPOSAL FOR CONSOLIDATION AND BRIEFING

Pursuant to this court's March 30, 2026 order, Defendants-Appellants

LaMenta Conway, Melvin Hinton, and Latoya Hughes submit this proposal, asking

this court to consolidate this appeal (Appeal No. 26-1598) with Appeal Nos. 25-2803

and 25-3256 (consol.). Defendants ask this court to keep the briefing schedule for

Appeal Nos. 25-2803 and 25-3256 (consol.) in place but permit the parties to file

supplemental briefs addressing the March 2026 preliminary injunction orders, so as

not to delay the disposition of this consolidated appeal.

**Consolidation would promote efficiency and conserve judicial resources.**

1.      Plaintiffs, transgender women incarcerated within the Illinois Department of Corrections, brought this action, claiming that Department officials were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment to the United States Constitution.  Dist. Ct. Doc. 1 at 36-38; *see* Text Or. 2/1/18.  In March 2020, the district court certified a class under Fed. R. Civ. P. 23(b)(2) consisting of "all prisoners in the custody of [the Department] who have requested evaluation or treatment for gender dysphoria."  Dist. Ct. Doc. 213 at 11.

2.      In February 2025, plaintiffs moved in the district court for a preliminary injunction prohibiting any class member from being housed at Menard Correctional Center.  Dist. Ct. Docs. 873-74.  On September 12, 2025, the district court granted their motion, finding that plaintiffs had demonstrated a likelihood of success in showing that defendants were "deliberately indifferent to the serious medical needs of prisoners at Menard with (or seeking evaluation for) gender dysphoria."  Dist. Ct. Doc. 1008 at 67-68.  The court entered a preliminary injunction requiring defendants, among other things, to "transfer every class member now housed at Menard to another facility by October 15, 2025," and going forward, ensure that (a) "no individual identified as a member of the Plaintiff class [is] transferred to Menard," (b) any "class member [who] arrives at Menard through the reception and classification process (intake)" is not "assigned to Menard as their permanent institution," and (c) any "individual housed at Menard [who] is later identified as a member of the Plaintiff class" is "transferred to a different facility within 21 days of such identification."  Dist Ct. Doc. 1008 at 70-71; Dist. Ct. Doc. 1009.  Defendants

2

appealed the September 2025 preliminary injunction orders, Dist. Ct. Doc. 1016, and the appeal was docketed as *Monroe v. Conway*, No. 25-2803.

3.  Under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2), "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry."  The original preliminary injunction was thus set to expire in December 2025.

4.  In October 2025, plaintiffs filed a motion to reissue the preliminary injunction.  Dist. Ct. Doc. 1028.  On December 11, 2025, the district court entered an order finding that the evidence demonstrated that conditions at Menard "remain[ed] substantially the same," Dist. Ct. Doc. 1070 at 27, and reissued the preliminary injunction "with certain modifications," *id.* at 29; Dist. Ct. Doc. 1071.  Defendants appealed the December 2025 preliminary injunction orders, Dist. Ct. Doc. 1075, and the appeal was docketed as *Monroe v. Conway*, No. 25-3256.  On its own motion, this court consolidated Appeal Nos. 25-2803 and 25-3256 for briefing and disposition.  *See* No. 25-2803, 7th Cir. Doc. 17.  Defendants filed their opening brief in the consolidated appeal on January 9, 2026, and plaintiffs' response brief is due on April 10, 2026, on two 30-day extensions of time.

5.  Meanwhile, the December 2025 preliminary injunction orders were set to expire by operation of the PLRA on March 11, 2026.  *See* 18 U.S.C. § 3626(a)(2).  On February 27, 2026, plaintiffs moved for reissuance of the preliminary injunction.  Dist. Ct. Doc. 1111.  On March 12, 2026, the district court reissued the preliminary injunction with certain modifications.  Doc. 1122 at 2; Doc. 1124.  On March 16, the district court issued a memorandum decision and order supporting its reissued

preliminary injunction orders.  Doc. 1125.  On March 26, 2026, defendants filed a notice of appeal from the March 2026 preliminary injunction orders, Doc. 1128, and this appeal was docketed as Appeal No. 26-1598.

6.     Because the March 2026 renewed preliminary injunction orders arise from the same proceeding and extend the prior preliminary injunctions, consolidation of this appeal with Appeal Nos. 25-2803 and 25-3256 (consol.) would promote judicial economy and avoid duplicative submissions.

**Proposed Briefing Schedule.**

7.     Because briefing is already underway, defendants ask that the briefing schedule for Appeal Nos. 25-2803 and 25-3256 (consol.) remain in place.  Defendants also propose that the parties be permitted to file supplemental briefs regarding the March 2026 orders and offer the following proposed briefing schedule:

| | |
|---|---|
| Defendants' opening brief: | January 9, 2026 (filed) |
| Plaintiffs' brief: | April 10, 2026 |
| Defendants' reply brief: | May 1, 2026 |
| Defendants' supplemental brief: | May 13, 2026 |
| Plaintiffs' supplemental brief: | May 27, 2026 |

8.     Completing the principal briefing on schedule, while allowing the parties to raise any additional points specific to the March 2026 preliminary injunction orders in supplemental briefs, would promote efficiency and avoid undue delay in the disposition of the consolidated appeals.

WHEREFORE, Defendants-Appellants LaMenta Conway, Melvin Hinton, and Latoya Hughes ask this court to consolidate this appeal (Appeal No. 26-1598) with

4

Appeal Nos. 25-2803 and 25-3256 (consol.) for briefing and disposition and adopt their proposed briefing schedule.

<div style="margin-left:40%">

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov

</div>

April 6, 2026

# CERTIFICATE OF FILING AND SERVICE

I certify that on April 6, 2026, I electronically filed the foregoing Defendants' Proposal for Consolidation and Briefing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this case, named below, are registered CM/ECF users and will be served via the CM/ECF system.

| | |
|---|---|
| Amelia Bailey | amelia.bailey@kirkland.com |
| Camille E. Bennett | cbennett@aclu-il.org |
| Michelle Teresa Garcia | mgarcia@aclu-il.org |
| Brent P. Ray | brent.ray@arnoldporter.com |
| Mason Strand | mstrand@aclu-il.org |

/s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov