No. 26-1598

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>LAMENTA CONWAY, MELVIN HINTON, and LATOYA HUGHES,<br><br>Defendants-Appellants. | ) | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 3:18-cv-00156-NJR<br><br>The Honorable NANCY J. ROSENSTENGEL, Chief Judge Presiding. |

**MOTION TO STAY SUPPLEMENTAL BRIEFING**

Defendants-Appellants Latoya Hughes, Steven Meeks, and Kenya Key move this court to stay the supplemental briefing of this appeal, which they anticipate will become moot on June 11, 2026, when the operative preliminary injunction expires by operation of 18 U.S.C. § 3626(a)(2).

1. Plaintiffs, transgender women incarcerated within the Illinois Department of Corrections, brought this action, claiming that Department officials were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment to the United States Constitution. Dist. Ct. Doc. 1 at 36-38; *see* Text Or. 2/1/18. In March 2020, the district court certified a class under Fed. R. Civ. P. 23(b)(2) consisting of "all prisoners in the custody of [the Department] who have requested evaluation or treatment for gender dysphoria." Dist. Ct. Doc. 213 at 11.

2. In February 2025, plaintiffs moved in the district court for a preliminary injunction prohibiting any class member from being housed at Menard Correctional Center. Dist. Ct. Docs. 873-74. On September 12, 2025, the district court granted their motion and entered a preliminary injunction requiring defendants, among other things, to "transfer every class member now housed at Menard to another facility by October 15, 2025," and going forward, ensure that (a) "no individual identified as a member of the Plaintiff class [is] transferred to Menard," (b) any "class member [who] arrives at Menard through the reception and classification process (intake)" is not "assigned to Menard as their permanent institution," and (c) any "individual housed at Menard [who] is later identified as a member of the Plaintiff class" is "transferred to a different facility within 21 days of such identification." Dist Ct. Doc. 1008 at 70-71; Dist. Ct. Doc. 1009.

3. Defendants appealed the September 2025 preliminary injunction, Dist. Ct. Doc. 1016, and the appeal was docketed as *Monroe v. Conway*, No. 25-2803.

4. Under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2), preliminary injunctions concerning prison conditions "automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." The original preliminary injunction was thus set to expire in December 2025.

5. However, plaintiffs filed two successive motions to renew the preliminary injunction, Dist. Ct. Docs. 1028, 1111. On December 11, 2025, the district court reissued the preliminary injunction "with certain modifications," *id.* at

29; Dist. Ct. Doc. 1071, thereby extending preliminary injunctive relief to March 2026. Defendants appealed the December 2025 preliminary injunction orders, Dist. Ct. Doc. 1075, and the appeal was docketed as *Monroe v. Conway*, No. 25-3256. On its own motion, this court consolidated Appeal Nos. 25-2803 and 25-3256 for briefing and disposition. *See* No. 25-2803, 7th Cir. Doc. 17. These consolidated appeals, Nos. 25-2803 and 25-3256 (consol.), are fully briefed.

6. On March 12, 2026, the district court granted plaintiffs' second renewed motion for preliminary injunction and reissued the preliminary injunction a second time, Doc. 1122 at 2; Doc. 1124, extending the duration of preliminary injunctive relief to June 10, 2026, *see* 18 U.S.C. §3626(a)(2). On March 26, 2026, defendants filed a notice of appeal from the March 2026 preliminary injunction orders, Doc. 1128, and this appeal was docketed as Appeal No. 26-1598.

7. This court consolidated this appeal, Appeal No. 26-1598, with Appeal Nos. 25-2803 & 25-3256 (consol.) for disposition only and ordered the parties to file supplemental briefs addressing any issues raised by the operative preliminary injunction. Defendants' supplemental brief is due on May 26, 2026, and plaintiffs' supplemental brief is due on June 9, 2026.

8. On May 19, 2026, plaintiffs advised the district court that they do not intend to move for a third reissuance of the preliminary injunction. *See* Dist. Ct. Doc. 1154. Based on that representation, defendants expect that when the operative injunction expires on June 10, 2026, all relief granted under the successive preliminary injunction orders will terminate and thus moot their appeal.

9. Defendants therefore ask this court to stay the supplemental briefing in this appeal pending the expiration of the operative preliminary injunction on June 10, 2026. Because defendants anticipate that their appeals will become moot at that time, a stay would promote efficiency and conserve this court's resources.

WHEREFORE, Defendants-Appellants Latoya Hughes, Steven Meeks, and Kenya Keys ask this court to stay the supplemental briefing in this appeal, No. 26-1598.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov

May 26, 2026

## CERTIFICATE OF FILING AND SERVICE

I certify that on May 26, 2026, I electronically filed the foregoing Defendants' Motion to Stay Supplemental Briefing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this case, named below, are registered CM/ECF users and will be served via the CM/ECF system.

| | |
|---|---|
| Amelia Bailey | amelia.bailey@kirkland.com |
| Camille E. Bennett | cbennett@aclu-il.org |
| Michelle Teresa Garcia | mgarcia@aclu-il.org |
| Brent P. Ray | brent.ray@arnoldporter.com |
| Mason Strand | mstrand@aclu-il.org |

/s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov