Nos. 25-2803, 25-3256 & 26-1598

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JANIAH MONROE, et al., individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>LAMENTA CONWAY, et al.,<br><br>Defendants-Appellants. | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 3:18-cv-00156-NJR<br><br>The Honorable NANCY J. ROSENSTENGEL, Chief Judge Presiding. |

**PLAINTIFFS-APPELLEES' RESPONSE TO MOTION TO STAY SUPPLEMENTAL BRIEFING**

Following this Court's Order (Doc. 54), Plaintiffs-Appellees respond to Defendants-Appellants' motion to stay supplemental briefing. Plaintiffs do not oppose staying briefing concerning a preliminary injunction that will automatically expire by operation of statute on June 10, 2026, and in support, state the following:

1. Plaintiffs have a certified class action on behalf of all prisoners in the Illinois Department of Corrections who have requested evaluation or treatment for gender dysphoria, seeking declarative and injunctive relief. *Monroe v. Bowman,* 122 F. 4th 688, 692 (7th Cir. 2024).

2. Currently before this Court are Defendants' consolidated appeals of three preliminary injunctions granted by the district court on September 12, 2025

(A72-74), December 11, 2025 (A108-10), and March 12, 2026 (Dist. Ct. Doc. 1124). This Court has required Defendants to file a supplemental brief concerning the March 12, 2026 preliminary injunction on May 26, 2026, and Plaintiffs to file a response on or before June 9, 2026. *See* Docs. 34, 49.

3. As this Court has held, preliminary injunctions involving prisons are governed by § 3626(a)(2) of the Prison Reform Litigation Act (PLRA). 18 U.S.C. § 3626(a)(2). *Monroe,* 122 F. 4th at 694. Section 3626(a)(2) provides that:

> Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2). Absent such action to extend the order, after 90 days, a preliminary injunction "no longer has a legal effect." *See Monroe,* 122 F. 4th at 694.

4. Under § 3626(a)(2) of the PLRA, the September 12 and December 12, 2025 preliminary injunctions have expired because more than 90 days have passed without the further action by the district court, thus mooting those appeals. *See Smith v. Edwards*, 88 F.4th 1119,1126 (5th Cir. 2023) (dismissing appeal as moot because preliminary injunction expired after 90 days under PLRA); *Ahlman v. Barnes*, 20 F.4th 489, 493, 495 (9th Cir. 2021) (same); *Banks v. Booth*, 3 F.4th 445, 448–49 (D.C. Cir. 2021) (same).

5. Similarly, it is anticipated that the March 12, 2026 preliminary injunction will automatically expire on June 10, 2026 pursuant to the PLRA. *See* 18 U.S.C. § 3626(a)(2). Accordingly, the district court required that if Plaintiffs sought a re-issuance of the March injunction, Plaintiffs should file a motion no later

than 21 days before it expired, thus on or before May 20, 2026. *See* Dist. Ct. Doc. 1124 at 3.

6. On May 19, 2026, the district court held a status hearing concerning Plaintiffs' motion to compel discovery from Defendants, and Plaintiffs advised the court that they would not move for a re-issuance of the preliminary injunction, because they wanted to focus on preparing for trial. *See* Dist. Ct. Doc. 1154.

7. Plaintiffs agree with Defendants that when the March 12, 2026 preliminary injunction expires on June 10, Defendants' appeal will be moot, and a stay of supplemental briefing would promote efficiency and conserve the Court's resources. *See* Doc. 28 at 3-4 (No. 26-1598).

WHEREFORE, Plaintiffs respectfully ask this Court to grant Defendants' motion to stay the supplemental briefing and then dismiss the consolidated appeals as moot.

Respectfully Submitted,

/s/ Michelle Teresa Garcia

Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Ave., Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740 ext. 319
Facsimile: (312) 201-9760
mgarcia@aclu-il.org

One of Plaintiffs-Appellees' counsel

## CERTIFICATE OF FILING AND SERVICE

I, Michelle Teresa García an attorney, hereby certify that on May 28, 2026, I electronically filed this PLAINTIFFS-APPELLEES' RESPONSE TO MOTION TO STAY SUPPLEMENTAL BRIEFING with the clerk of Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Michelle Teresa García