Nos. 25-2803, 25-3256 & 26-1598 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>LAMENTA CONWAY, MELVIN HINTON, and LATOYA HUGHES,<br><br>Defendants-Appellants. | ) | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 3:18-cv-00156-NJR<br><br>The Honorable NANCY J. ROSENSTENGEL, Chief Judge Presiding. |

## MOTION TO VOLUNTARILY DISMISS APPEAL AS MOOT

Defendants-Appellants Latoya Hughes, Steven Meeks, and Kenya Key move to dismiss these consolidated appeals voluntarily because the district court's preliminary injunctions have expired by operation of 18 U.S.C. § 3626(a)(2), thus mooting their appeals.

## BACKGROUND

1. Plaintiffs, transgender women incarcerated within the Illinois Department of Corrections, brought this action, claiming that the Department officials were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment to the United States Constitution. Dist. Ct. Doc. 1 at 36-38; *see* Text Or. 2/1/18. In March 2020, the district court certified a class under Fed. R. Civ. P. 23(b)(2) consisting of "all prisoners in the custody of [the Department] who have requested evaluation or treatment for gender dysphoria." Dist. Ct. Doc. 213 at 11.

2. In February 2025, plaintiffs moved in the district court for a preliminary injunction prohibiting any class member from being housed at Menard Correctional Center. Dist. Ct. Docs. 873-74. Defendants opposed the motion, arguing that (1) the requested relief lacked a sufficient nexus to the claim of the complaint; (2) plaintiffs — none of whom was incarcerated at Menard when they brought the motion — lacked standing to challenge conditions at the prison; (3) plaintiffs were unlikely to succeed in showing that any defendant was deliberately indifferent to their serious medical needs; and (4) even if relief was warranted, a ban on incarcerating class members at Menard exceeded the scope of permissible relief under the Prison Litigation Reform Act ("PLRA").

3. On September 12, 2025, the district court granted their motion and entered a preliminary injunction requiring defendants, among other things, to "transfer every class member now housed at Menard to another facility by October 15, 2025," and going forward, ensure that (a) "no individual identified as a member of the Plaintiff class [is] transferred to Menard," (b) any "class member [who] arrives at Menard through the reception and classification process (intake)" is not "assigned to Menard as their permanent institution," and (c) any "individual housed at Menard [who] is later identified as a member of the Plaintiff class" is "transferred to a different facility within 21 days of such identification." Dist. Ct. Doc. 1008 at 70-71; Dist. Ct. Doc. 1009. The court also stated that it would hold "a further evidentiary hearing within 90 days to determine whether the above injunctive relief shall be extended." Dist. Ct. Doc. 1008 at 71.

4. Defendants appealed the September 2025 preliminary injunction, Dist. Ct. Doc. 1016, and the appeal was docketed as *Monroe v. Conway*, No. 25-2803.

5. Plaintiffs moved to renew the preliminary injunction, Dist. Ct. Doc. 1028, and on December 11, 2025, the district court reissued the preliminary injunction "with certain modifications," Dist. Ct. Doc. 1070 at 29; Dist. Ct. Doc. 1071, thereby extending preliminary injunctive relief to March 2026. The order directed plaintiffs to "file a motion no later than 28 days before this Order expires" if they intended to seek a second reissuance of the preliminary injunction. Dist. Ct. Doc. 1070 at 33

6. Defendants appealed the December 2025 preliminary injunction orders, Dist. Ct. Doc. 1075, and the appeal was docketed as *Monroe v. Conway*, No. 25-3256. This court consolidated Appeal Nos. 25-2803 and 25-3256 for briefing and disposition. *See* No. 25-2803, 7th Cir. Doc. 17. These consolidated appeals, Nos. 25-2803 and 25-3256 (consol.), are fully briefed.

7. Plaintiff filed a third preliminary injunction motion in February 2026. Dist. Ct. Doc. 1111. On March 12, 2026, the district court granted plaintiffs' motion and reissued the preliminary injunction, Doc. 1122 at 2; Doc. 1124, extending the duration of preliminary injunctive relief to June 10, 2026, *see* 18 U.S.C. §3626(a)(2). Again, the district court directed plaintiffs that they could seek reissuance of the preliminary injunction by filing a motion at least 21 days before expiration of the preliminary injunction. Doc. 1124 at 3.

8. On March 26, 2026, defendants filed a notice of appeal from the March 2026 preliminary injunction orders, Doc. 1128, and this appeal was docketed as

Appeal No. 26-1598. This court consolidated Appeal No. 26-1598 with Appeal Nos. 25-2803 & 25-3256 (consol.) for disposition only and ordered the parties to file supplemental briefs addressing any issues raised by the operative preliminary injunction. Defendants' supplemental brief was due on May 26, 2026, and plaintiffs' supplemental brief was due on June 9, 2026.

9. On May 19, 2026, plaintiffs advised the district court that they did not intend to seek a third reissuance of the preliminary injunction, but rather "wished to proceed to trial." *See* Dist. Ct. Doc. 1154. Based on plaintiffs' representation, defendants moved to stay the supplemental briefing of Appeal No. 26-1598, with the expectation that the operative injunction would expire on June 10, 2026, at which time all relief granted under the successive preliminary injunction orders would terminate, and their pending appeals would become moot.

## DISCUSSION

**The consolidated appeals should be dismissed because the preliminary injunctions have expired by operation of the PLRA.**

10. The parties agree that the district court's preliminary injunction orders are expired. *See* No. 25-2803, 7th Cir. Doc. 55 at 2. Under the PLRA, a preliminary injunction automatically expires 90 days after its entry, unless the district court "makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final" within 90 days. 18 U.S.C. § 3626(a)(2); *see Monroe v. Bowman*, 122 F.4th 688, 697 (7th Cir. 2024) (concluding that preliminary injunctions had expired); *Ahlman v. Barnes*, 20 F.4th 489, 493 (9th Cir. 2022). In other words, the district court must enter permanent relief within 90 days, or the preliminary injunction expires "by its own terms." *Smith v. Edwards*, 88 F.4th 1119,

1124-25 (5th Cir. 2023); *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) (preliminary injunction automatically expired after 90 days); *U.S. v. Sec'y, Fla. Dep't of Corrs.*, 778 F.3d 1223, 1227 (11th Cir. 2015) (preliminary injunction "automatically passed on to injunction heaven" 90 days after it issued). In this way, the PLRA limits the harmful effects of potentially unjustified or overbroad temporary relief by requiring a final appealable order within 90 days of the preliminary injunction. *See* 18 U.S.C. § 3626(a)(1).

11. As the district court acknowledged, each successive preliminary injunction order expired under the PLRA within 90 days of entry. *See* Dist. Ct. Doc. 1008 at 71; Dist. Ct. Doc. 1070 at 33; Dist. Ct. Doc. 1124 at 3.

12. The expiration of the preliminary injunctions therefore moots these appeals. *Smith*, 88 F.4th at 1124 (dismissing appeal because injunction that "expires by its own terms" is moot, so "there is nothing to review"); *Banks v. Banks*, 3 F.4th 445, 448 (D.C. Cir. 2021) (expiration of preliminary injunction under PLRA mooted appeal).

## CONCLUSION

For the foregoing reasons, Defendants-Appellants Latoya Hughes, Steven Meeks, and Kenya Keys submit that dismissal of this appeal is proper because all preliminary injunctions have expired by operation of law.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov

June 12, 2026

## CERTIFICATE OF FILING AND SERVICE

I certify that on June 12, 2026, I electronically filed the foregoing Defendants' Motion to Dismiss Appeal as Moot with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this case, named below, are registered CM/ECF users and will be served via the CM/ECF system.

| | |
|---|---|
| Amelia Bailey | amelia.bailey@kirkland.com |
| Camille E. Bennett | cbennett@aclu-il.org |
| Michelle Teresa Garcia | mgarcia@aclu-il.org |
| Brent P. Ray | brent.ray@arnoldporter.com |
| Mason Strand | mstrand@aclu-il.org |

/s/ Christina T. Hansen
CHRISTINA T. HANSEN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0819
Christina.Hansen@ilag.gov